UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:08-cr-0089 (TWP/KPF) |
| | ) | |
| AZIZI RENEE McNEILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable David F. Hamilton, Judge, on July 1, 2008, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 27, 2008, and to submit to Judge Hamilton proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). (On January 5, 2012, this case was transferred from David F. Hamilton, Judge, to Tanya Walton Pratt, Judge.) Proceedings were held on January 18, 2012 and February 10, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.

On January 18, 2012, Ms. McNeill appeared in person with her is appointed counsel, Mike Donahoe, Office of Indiana Federal Community Defender. The government appeared by Melanie

Conour, Assistant United States Attorney, for Gayle Helart, Assistant United States Attorney. U.S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. A copy of the Petition for Revocation of Supervised Release was provided to Ms. McNeill and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

2. Ms. McNeill was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

3. Ms. McNeill was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Ms. McNeill was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

5. That if the preliminary hearing resulted in a finding of probable cause that Ms. McNeill had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Hamilton's designation.

6. Mr. Donahoe stated that Ms. McNeill would stipulate there is a basis in fact to hold her on the specifications of violation of supervised release set forth in the Petition. Ms. McNeill executed a written waiver of the preliminary hearing, which was accepted by the Court.

7. The parties agreed to continue further proceedings until February of 2012. The proceedings were then adjourned pending the revocation hearing. The defendant was detained, pending further proceedings.

On February 10, 2012, the Court reviewed prior proceedings held January 18, 2012, including the defendant's right to a preliminary hearing. Ms. McNeill appeared in person with her retained counsel, Mike Donahoe. The government appeared by Gayle Helart, Assistant United States Attorney; and Diane Asher, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following proceedings occurred:

8. Mr. Donahoe stated that Ms. McNeill would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. McNeill then orally waived preliminary hearing, which was accepted by the Court.

9. Ms. McNeill, by counsel, stipulated that she committed specifications of violations numbered 5, 6 and 7 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **5** | **"The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."** |
| | On April 8, 2008, the probation officer left a business card at the defendant's residence instructing her to contact the probation officer the following day. On April 9, 2008, an appointment notice was mailed to the defendant instructing her to report to the probation |

office on April 16, 2008, after she failed to report as directed. On April 16, 2008, the probation officer left the defendant a voice mail message on her cell phone instructing her to contact the probation officer. On April 17, 2008, the probation officer left another business card at the defendant's residence instructing her to contact the probation officer. To date, she has failed to contact the probation officer as directed.

The defendant has failed to submit written monthly supervision reports for the months of March, April, and May 2008.

**6**      **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."**

On April 17, 2008, the probation officer attempted contact with the defendant at her residence. The home appeared vacant and there was a disconnect notice from Indianapolis Power and Light Company attached to the front door. On April 18, 23, and May 10, 2008, the probation officer spoke with the defendant's father, Charles Carter. Mr. Carter indicated the defendant had moved in with a friend, but he did not have her contact information. He relayed that he has encouraged the defendant to contact the probation officer. To date, the defendant has failed to notify the probation officer of any change in residence.

The defendant's current whereabouts is unknown.

**7**      **"The defendant shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse."**

On April 8, 2008, the defendant failed to report as required for an individual counseling appointment at the Volunteers of America (VOA) and has failed to contact the counselor to arrange counseling since that time. In addition, on May 12 and June 9, 2008, the defendant failed to report as required for random drug testing at the Volunteers of America.

The Court placed Ms. McNeill under oath and directly inquired of her whether she admitted violations of the specifications of her supervised release set forth above. Ms. McNeill stated that she admitted the above violations as set forth above. The government moved to dismiss

specifications numbered 1, 2, 3 and 4 contained in the Petition to revoke defendant's supervised release, and the Court dismissed the same.

Counsel for the parties stipulated the following:

(1) Ms. McNeill and the government agreed they were ready to proceed to disposition on the pending Petition to revoke defendant's supervised release in open Court this date.

(2) Ms. McNeill admitted she committed the violations of specifications set forth in the Petition to Revoke Supervised Release stated above.

(3) Ms. McNeill has a relevant criminal history category of III. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Ms. McNeill constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Ms. McNeill is 5-11 months.

(6) The parties did not agree on the appropriate disposition of the case.

10. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Azizi Renee McNeill, violated the above-delineated conditions in the Petition.

Ms. McNeill's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, with no

supervised release to follow.  It is recommended that defendant be designated to the Federal Medical Center at Lexington, Kentucky.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. McNeill stipulated in open Court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  You shall have within 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.  If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Ms. McNeill's supervised release and imposing a sentence of

imprisonment of 12 months and 1 day in the custody of the Attorney General or his designee. Further, that upon Ms. McNeill's release from confinement, she will not be subject to a term of supervised release. It is recommended that Ms. McNeill be designated to the Federal Medical Center at Lexington, Kentucky.

**IT IS SO RECOMMENDED** this 14th day of February, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court


Distribution:

Gayle Helart,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal